UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TORIC LAVERN YEARBY,

    Plaintiff,

v.                                                        Case No. 3:15cv106/MCR/CJK

RICHARD COMERFORD, et al.,

    Defendants.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's amended civil rights complaint. (Doc. 9). Plaintiff has also filed a motion to proceed *in forma pauperis* (doc. 2), "Motion for an Temporary Restraining Order and Preliminary Injunction" (docs. 3, 10), and "Motion to Compel Production of Last Known Address of Defendant Richard Comerford In Camera/Under Seal" (doc. 11). Good cause having been shown, plaintiff's motion to proceed *in forma pauperis* will be granted.

Upon review of plaintiff's amended complaint, it appears that service of the complaint upon the defendants is appropriate. Plaintiff is not responsible for the costs of service, as he is proceeding *in forma pauperis*. Plaintiff is responsible, however, for providing the court with seven service copies of his amended complaint. The service copies must be identical to the amended complaint filed with the court. Upon receipt of the service copies, the court will direct the U.S. Marshals Service to serve the defendants.

Plaintiff's "Motion to Compel Production of Last Known Address of Defendant Richard Comerford In Camera/Under Seal" (doc. 11) requests that the court order the Florida Department of Corrections ("FDOC") to produce defendant Comerford's current address. Plaintiff notes that Comerford is no longer the warden of Santa Rosa CI but is still employed by the FDOC. As indicated above, service cannot be attempted until plaintiff submits the service copies of the amended complaint. When service becomes appropriate, however, the court will, if necessary, request the FDOC's assistance in locating defendants no longer employed at Santa Rosa Correctional Institution ("Santa Rosa CI"). To that extent, plaintiff's motion will be granted.

Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff was an inmate of Santa Rosa CI at the time of the events described in the amended complaint. The amended complaint alleges plaintiff and many other prisoners suffered from a persistent skin disease that caused "bumps, lesions, blisters, and reddish scaly rashes all over their bodies[.]" (Doc. 9, p. 6). Because the skin condition caused severe itchiness, plaintiff scratched the bumps and blisters until he bled. Plaintiff alleges the outbreak of the skin condition within the prison was caused by unsanitary shower facilities, cells, and clothing. Plaintiff also alleges that prison medical staff provided inadequate medical care. Plaintiff's motion for temporary restraining order and preliminary injunction requests that the court enter an order directing the employees of Santa Rosa CI to: (1) provide constitutionally adequate medical care for plaintiff's skin condition and (2) rectify the unsanitary conditions existing in the prison. (Doc. 3, p. 1-8; doc. 10).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (*citing United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). The four factors to be considered in determining whether temporary restraining or preliminary injunctive relief should be granted are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Here, plaintiff's motion for injunctive relief is moot. After plaintiff filed his motion, he was transferred from Santa Rosa CI to another institution. The Florida Department of Corrections' website indicates plaintiff is now an inmate of Taylor Correctional Institution.[1] The failure of the court to issue an order directing employees of Santa Rosa CI to provide better health care or more sanitary living conditions could have no effect on plaintiff. Plaintiff, therefore, cannot show that he will suffer irreparable injury if the court fails to grant him preliminary injunctive relief. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that

---

[1] *See* Florida Department of Corrections, Corrections Offender Network, Offender Information Search, http://www.dc.state.fl.us/AppCommon/ (last visited October 27, 2015).

inmate's claims for injunctive and declaratory relief relating to conditions at a facility at which inmate was no longer incarcerated were moot); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Thus, plaintiff's motion should be denied.

Accordingly, it is ORDERED:

1. The clerk shall update the docket to reflect that Toric Yearby is the sole plaintiff in this action. The clerk shall update plaintiff's current address to: Taylor Correctional Institution, 8501 Hampton Springs Road, Perry, Florida 32348. The clerk shall send plaintiff a copy of this Order and Report and Recommendation at the updated address.

2. Plaintiff's "Motion to Compel Production of Last Known Address of Defendant Richard Comerford In Camera/Under Seal" (doc. 11) is GRANTED to the extent indicated in this order.

3. Within **thirty (30) days** from the date of this order, plaintiff shall submit to the court seven identical service copies of his amended complaint (doc. 9). This case number should be written on the copies. Failure to submit the requisite service copies will result in a recommendation that this case be dismissed for failure to prosecute and failure to comply with an order of the court.

4. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED to the extent this case may proceed without the prepayment of the entire filing fee.

5. Because plaintiff has no funds accrued in his inmate trust fund account, the clerk of court shall not assess plaintiff an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1). <u>However, the total filing fee in this case remains $350.00</u>.

Case No. 3:15cv106/MCR/CJK

6.  As funds become available in plaintiff's inmate account, plaintiff is required to make monthly payments of 20 percent of the preceding month's income (that is, all funds deposited into his account) <u>in each case he has filed in this court.</u>[2] The agency having custody of plaintiff shall forward to the clerk of court payments from plaintiff's account on a monthly basis each time the amount in the account exceeds $10.00. These payments shall continue <u>until the filing fee of $350.00 is paid in full in each case</u>. Personal checks directly from prisoners will not be accepted.

The following information shall either be included on the face of the check or money order or attached thereto:

(1) the full name of the prisoner;
(2) the prisoner's inmate number; and
(3) Northern District of Florida Case Number: 3:15cv106/MCR/CJK.

Checks or money orders which do not have this information will be returned to the penal institution or to plaintiff.

7.  The clerk of court shall MAIL a copy of this order with the appropriate cover letter to: Department of Corrections, 501 South Calhoun St., Tallahassee, FL 32399-2500, Attention: Agency Clerk.

8.  Plaintiff is warned that he is ultimately responsible for payment of the filing fee in every case he has filed should the agency with custody over him lapse in its duty to make payments on his behalf. If plaintiff spends funds that should have been forwarded to the court as per the payment formula above, his case may be dismissed for non-payment. Furthermore, if plaintiff is transferred to another jail or correctional institution, he must ensure that the new institution is informed about his

---

[2]Thus, prisoners who have filed more than one case may be required to make payments totaling 40%, 60%, 80% or even 100% of their monthly deposits.

federal litigation and the required monthly payments. Plaintiff should retain a copy of this order for that purpose. Finally, plaintiff is reminded that dismissal or other disposition of an action will <u>not</u> relieve him of the obligation to pay the full filing fee in this case.

And it is respectfully RECOMMENDED:

1. That plaintiff's "Motion for an Temporary Restraining Order and Preliminary Injunction" (docs. 3, 10) be DENIED AS MOOT.

At Pensacola, Florida, this 27th day of October, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.